UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA A. REPPUCCI,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON MEDICAL CENTER,<br><br>Defendant. | Civil Action No.: 1:22-cv-12105 |

### DEFENDANT BOSTON MEDICAL CENTER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Boston Medical Center ("BMC"), by and through its undersigned counsel, submits this Memorandum of Law in support of its Motion to Dismiss ("Motion") the Complaint of Linda A. Reppucci ("Plaintiff"). Plaintiff's discrimination claims under Title VII and M.G.L. c. 151B must be dismissed because Plaintiff did not file her Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") within the applicable 300-day statute of limitations period. As a result, her claims are time-barred.

More specifically, Plaintiff alleges in her Complaint that BMC discriminatorily terminated her employment on October 15, 2021. Compl., ¶ 6. Therefore, Plaintiff was statutorily required to file her charge of discrimination on or before August 11, 2022 (300 days). However, it is undisputed that Plaintiff did not file her Charge until September 9, 2022, outside the 300-day statute of limitations period. See Charge of Discrimination attached hereto as Exhibit A.[1]

Accordingly, Plaintiff's claims are time-barred, and BMC respectfully requests that this

---

[1] The Court may consider the Charge of Discrimination, attached as Exhibit A to this motion, since it is central to the Plaintiff's claims and explicitly referred to in Plaintiff's Complaint. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); Posada v. ACP Facility Servs., 389 F.Supp.3d 149, 156 (D. Mass. 2019).

Court grant its Motion, and dismiss Plaintiff's Complaint in its entirety, with prejudice.

## FACTUAL ALLEGATIONS[2]

Plaintiff worked as a Registered Nurse at BMC. Compl., ¶ 6. On August 21, 2021, BMC implemented a COVID-19 Immunization Policy that required all BMC employees to be vaccinated against COVID-19. Id. at ¶ 7. The Immunization Policy provided that employees had the opportunity to seek a medical or religious exemption to the vaccination requirement. Id. On or about September 28, 2021, Plaintiff submitted a request for a religious exemption excusing her from the requirement that employees receive the COVID-19 vaccine. Id. at ¶ 9.

After engaging in a dialogue with Plaintiff and considering her requested exemption, BMC ultimately denied Plaintiff's request on October 7, 2021, as accommodating Plaintiff's request would cause an undue hardship for the hospital. Id. at ¶¶ 10-11. Plaintiff chose not to receive the vaccine and on October 15, 2021, BMC terminated Plaintiff's employment due to her continued noncompliance with the Immunization Policy. Id. at ¶¶ 6, 34.

## RELEVANT PROCEDURAL HISTORY

On September 9, 2022 Plaintiff filed a Charge with the EEOC. See Exhibit A. Plaintiff's Charge identified the "Latest" "Date(s) Discrimination Took Place" as October 15, 2021 – the date Plaintiff's employment was terminated. Id. Plaintiff filed the Complaint in this action on December 12, 2022, bringing the same claims of discrimination under Title VII and M.G.L. c. 151B that she filed at the EEOC.

---

[2] While this Court must take the allegations in the Complaint as true for purposes of this Motion, BMC does not concede the allegations in the Complaint, and specifically denies any liability to Plaintiff under any legal theory contained therein.

## ARGUMENT

Plaintiffs seeking to file claims arising under Title VII or M.G.L. c. 151B in state or federal court are required to exhaust administrative remedies prior to filing suit. See 42 U.S.C. § 2000e-5(e)(1); see also M.G.L. c. 151B, § 5. To exhaust administrative remedies, a plaintiff must file the claim(s) of discrimination with the applicable state or federal agency within 300 days of the alleged discriminatory act. Id. (citing 29 C.F.R. § 1601.13(b)(1) (2009); and then citing M.G.L. c. 151B, § 5 (2003)); see also Frederique-Alexandre v. Dep't of Nat. & Envtl. Res., 478 F.3d 433, 437 (1st Cir. 2007) ("[T]he timeliness requirement under 42 U.S.C. § 2000e-5(e)(1) is 'mandatory,' and failure to file within the time period means a potential plaintiff 'lose[s] the ability to recover for [the alleged discrimination].'") (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-110 (2002)).

The "failure to file a timely charge of discrimination with the MCAD (or EEOC) *requires* the dismissal of any subsequent lawsuit."[3] Saxena v. Univ. of Mass. Med. Sch., 442 F. Supp. 3d 395, 402 (D. Mass. 2020) (emphasis added); Buntin v. City of Boston, C.A. No. 15-10556-RGS, 2015 U.S. Dist. LEXIS 60561 at *6 (D. Mass. May 8, 2015) (reversed in part on other grounds by Buntin v. City of Boston, 813 F.3d 401 (1st Cir. 2015) (same)) Hall v. FMR Corp., 559 F. Supp. 2d 120, 124 (D. Mass. 2008) (same)" (citations omitted); Davis v. Lucent Techs., Inc., 251 F.3d 227, 231 (1st Cir. 2001).

The operative date for determining when the statute of limitations period begins to run in an employment discrimination claim is when the employer notifies the employee of the adverse employment decision. M.G.L. c. 151B, §5 (in pertinent part "any complaint filed pursuant to this section must be so filed within 300 days after the alleged act of discrimination"). Here, in

---

[3] Dismissal is required even if the EEOC issues a dismissal and notice of the right to sue, as occurred in this case. See Frederique-Alexandre, 478 F.3d 433 at 439.

Plaintiff's Complaint and Charge she explicitly alleges that BMC terminated her employment on October 15, 2021.  Compl., ¶ 6.  Indeed, the Charge identifies October 15, 2021 as the "Latest Date Discrimination Took Place."  Thus, it cannot be disputed that Plaintiff had 300 days from October 15, 2021 – until August 11, 2022 at the latest – to file a timely charge of discrimination with the MCAD and/or the EEOC.

Because Plaintiff failed to file her Charge until September 9, 2022, after the 300-day statute of limitations period expired, her claims must be dismissed.  Under similar facts, in Chan v. Baker, the Court (Casper, J.) dismissed discrimination claims under Title VII and the Age Discrimination in Employment Act because they had been untimely filed at the MCAD.  No. 20-cv-11449-DJC, 2021 U.S. Dist. LEXIS 175240, at *9 (D. Mass. Sep. 15, 2021).  In Chan, the plaintiff alleged the discriminatory conduct occurred on July 31, 2017.  Id.  Thus, the Chan Court found that plaintiff had until May 28, 2018 (300 days) to have filed a timely charge of discrimination with the MCAD.  Id.  However, the Chan plaintiff filed his charge of discrimination on June 25, 2018, 29-days late, which is *exactly the same* as Plaintiff's untimely filing here.  Id.

Based on these facts, the Chan Court dismissed the plaintiff's claims as untimely.  Id. The same result as the Court reached in Chan is required here.  See also Saxena., 442 F. Supp. 3d at 402 (granting motion to dismiss discrimination claims under M.G.L. c. 151B because plaintiff "has not alleged a single incident of age or national origin discrimination occurring within the limitations period"); see also Hardy v. Whidden Mem'l Hosp., 146 F. Supp. 3d 385, 391 (D. Mass. 2015) (dismissing G.L. c. 151B and Title VII claims due to the expiration of the statute of limitations).

## CONCLUSION

For the foregoing reasons, BMC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice, and award it such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Boston Medical Center, |
|  | By its attorneys, |
|  | /s/ *Jamie L. Kessler*<br>Jamie L. Kessler, (BBO# 681867)<br>jamie.kessler@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>75 Park Plaza, 4th Floor<br>Boston, MA  02116 |
| Dated: March 7, 2023 | Tel.: 617.367.0025 |

## CERTIFICATE OF SERVICE

This hereby certifies that on this 7th day of March, 2023, a true and accurate copy of the above document was filed with the Court and served upon Plaintiff's counsel via the ECF system.

/s/ *Jamie L. Kessler*
Jackson Lewis P.C.

4857-9585-4933, v. 1

5

# Exhibit A

EEOC Form 5 (11/09)

|  | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 523-2022-01385 |

Massachusetts Commission Against Discrimination                    and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. Linda A. Reppucci | (508) 872-2843 | |

Street Address
17 Shady Oak Lane
NATICK, MA 01760

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| BOSTON MEDICAL CENTER | Unknown Number Of Employees | (617) 638-8566 |

Street Address
732 Harrison Ave 720 Harrison Ave
BOSTON, MA 02118

| Name | No. Employees, Members | Phone No. |
|---|---|---|
|  |  |  |

Street Address                                City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |  |
|---|---|---|
|  | Earliest | Latest |
| Religion | 09/17/2021 | 10/15/2021 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Linda A. Reppucci**<br>09/09/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| # CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br><br>☐ EEOC<br>☐ FEPA | Agency(ies) Charge No(s):<br><br>**523-2022-01385** |
| **Massachusetts Commission Against Discrimination**<br>*State or local Agency, if any* | | and EEOC |

I. I began my employment with Boston Medical Center, hereinafter referred to as Respondent, in August 1988 as a registered nurse. Respondent has interfered with my sincerely held religious beliefs by denying my request for religious exemption to the COVID-19 vaccine.  II. Respondent denied my request for a religious exemption to the COVID-19 vaccine. As a Christian, I believe my body is a temple and I believe our God-given immune system is our best line of defense. According to the Liberty Counsel, it has been legally documented that aborted fetal cells were used in the production of all three vaccines offered at Respondent - this is evidence to support my sincerely held religious belief - I am Pro-Life and would never take any substance into my body that I knew used aborted fetal cells in its production. I believe I have suffered unlawful Religious Discrimination under Title VII. Also it has been proven that graphine oxide is another substance in these vaccines  i.e. "Lead" a known poison - and other potentially harmful substances. Also these "Vaccines" did not meet the standards for the acceptable protocols for valid vaccines. I was hospitalized for COVID-19 in November 2020 and was treated with an experimental drug and had an adverse reaction - I did not want to take the risk of taking another experimental drug which I believe the COVID-19 vaccine to be, into my body - I believe I have natural immunity and do not require a vaccine at this time - and therefore would not cause undue harm to Respondent. Taking the COVID-19 vaccine would impact my conscience before God. I submitted my religious exemption request to Respondent on September 17, 2021. On September 24, 2021, Respondent sent me a letter asking me for more information regarding my request which I sent on October 1, 2021. On October 7, 2021 I had a meeting with John Hickey and Claire Murphy to go over my request during which it seemed neither believed my need for a religious exemption which felt discriminatory. After the meeting Mr. Hickey sent me a letter denying my request and told me that I did not qualify for an exemption to the vaccine because I exhibited a personal objection and being unvaccinated would be an undue hardship on the hospital. It feels discriminatory that Respondent would refer to my religious beliefs surrounding the vaccine as a personal objection. I tried to appeal the decision but was told there was no appeal process by my supervisor Nancy Gaden who instead encouraged me to get vaccinated even though she was aware of my sincerely held religious beliefs. I tried to get help from my union but they told me there was very little they would be able to do. The entire process felt very discriminatory and as though everything had already been decided before I even went through the religious exemption process. I was terminated on October 15, 2021 for being non-compliant with Respondents vaccination policy even though it was against my sincerely held religious belief. III. I believe I am a victim of unlawful employment discrimination on the basis of my religion in violation of Title VII of the Civil Rights Act of 1964, as amended (TVII) and all applicable Massachusetts state statutes.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. Linda A. Reppucci**<br>09/09/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

**NOTICE OF NON-RETALIATION REQUIREMENTS**

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.